ALEXIS COLL-VERY (SBN 212735)
acoll-very@stblaw.com
MARISSA LAMBERT (SBN 312567)
marissa.lambert@stblaw.com
P. CASEY MATHEWS (SBN 311838)
casey.mathews@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94304-1114
Telephone:   (650) 251-5000
Facsimile:    (650) 251-5002

*Pro Bono Attorneys for Plaintiff ACLU*

MELISSA GOODMAN (SBN 289464)
mgoodman@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone:   (213) 977-9500
Facsimile:    (213) 977-5299

*Attorneys for Plaintiffs ACLU and SEIU-UHW*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and SEIU-UHW,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC D. HARGAN, Acting Secretary of the U.S. Department of Health and Human Services; R. ALEXANDER ACOSTA, Secretary of Labor; and STEVEN T. MNUCHIN, Secretary of the Treasury, in their official capacities,<br><br>Defendants. | Case No. 4:17-cv-05772-SBA<br><br>**PLAINTIFFS' MOTION FOR CASES TO BE CONSIDERED RELATED**<br><br>[N.D. Cal. Civ. L.R. 3-12, 7-11] |

| | |
|---|---|
| STATE OF CALIFORNIA, by and through Attorney General Xavier Becerra,<br><br>Plaintiff,<br><br>v.<br><br>ERIC D. HARGAN, in his Official Capacity as Acting Secretary of the U.S. Department of Health & Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; R. ALEXANDER ACOSTA, in his Official Capacity as Secretary of the U.S. Department of Labor; U.S. DEPARTMENT OF LABOR; STEVEN MNUCHIN, in his Official Capacity as Secretary of the Treasury; U.S. DEPARTMENT OF THE TREASURY; DOES 1-100,<br><br>Defendants. | Case No. 4:17-cv-05783-HSG |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs hereby move the Court for an Order relating *American Civil Liberties Union et al. v. Eric D. Hargan et al.*, No. 4:17-cv-05772-SBA ("*ACLU*") to *State of California v. Eric D. Hargan et al.*, No. 4:17-cv-05783-HSG ("*California*") for consideration before Judge Haywood S. Gilliam. Plaintiffs' counsel has conferred with counsel for Defendants and the attorneys representing the California Attorney General. The California Attorney General does not oppose relating the cases; counsel for Defendants has not consented. Declaration of Alexis Coll-Very at ¶¶3-4.

### APPLICABLE RULE

Civil Local Rule 3-12 provides, in pertinent part: "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

### THE RELATIONSHIP BETWEEN *ACLU* AND *CALIFORNIA*

*ACLU* is related to *California* because they involve substantially the same parties, transactions, and events. See Civ. L.R. 3-12(a)(1). If the cases are conducted before different

judges, there will be a burdensome duplication of labor and expense, as well as the potential for conflicting results. *See* Civ. L.R. 3-12(a)(2).

## I. *ACLU* and *California* involve substantially the same transaction and events.

On October 6, 2017, all of the named plaintiffs in both *ACLU* and *California* separately filed complaints in the U.S. District Court for the Northern District of California, arguing that the Trump Administration's issuance of two Interim Final Regulations ("IFRs") violates the First and Fifth Amendments to the U.S. Constitution and the Administrative Procedure Act. The effect of the IFRs is to allow any employer or university to opt out of the contraceptive coverage requirements of the Patient Protection and Affordable Care Act (ACA) based on a religious or moral objection to contraception. The IFRs significantly alter the current narrow religious exemption and accommodation scheme and craft an entirely new moral exemption to the mandate that insurance cover contraception without cost-sharing.

*ACLU* and *California* stem from the same transaction or occurrence: the promulgation and consequences of the Trump Administration's *Religious Exemptions and Accommodations for Coverage of Certain Preventative Services Under the Affordable Care Act* (82 Fed. Reg. 47,792 (2017)) and *Moral Exemptions and Accommodations for Coverage of Certain Preventative Services under the Affordable Care Act* (82 Fed. Reg. 47,838 (2017)). In both actions, the plaintiffs assert that the new IFRs violate (1) the Establishment Clause of the First Amendment by advancing and endorsing a particular set of religious beliefs and allowing entities to use their religious beliefs to harm third parties, (2) the Equal Protection Clause of the Fifth Amendment by targeting health benefits women need for discriminatory treatment, imposing and sanctioning sex stereotypes, and imposing disabilities and burdens on women that deny them equal participation in society and (3) the Administrative Procedure Act (APA) by implementing rules that are arbitrary, capricious, and an abuse of discretion and that are otherwise not in accordance with law. Moreover, both cases request nearly identical declaratory and injunctive relief.

//
//
//

## II. *ACLU* and *California* involve substantially the same parties.

The defendants in both *ACLU* and *California* are nearly identical: Eric D. Hargan, Acting Secretary of the U.S. Department of Health and Human Services,[1] R. Alexander Acosta, Secretary of Labor, and Steven Mnuchin, Secretary of the Treasury, in their official capacities. While *California* names additional "Doe" defendants, the significant overlap in parties between *ACLU* and *California* satisfies the requirements of Civ. L.R. 3-12(a)(1).

In addition, the *ACLU* case involves two institutional plaintiffs—the American Civil Liberties Union, a non-partisan public-interest membership organization with over 1.5 million members, many of whom are Californians, and the SEIU-UHW, a labor organization with over 90,000 members who are health care workers in California. These plaintiffs seek to protect their members who will lose their contraceptive-coverage under the unlawful IFRs. In *California*, Attorney General Xavier Becerra represents the State of California, protecting its own proprietary interests, as well as all California citizens, protecting their constitutional and statutory rights. In short, both *ACLU* and *California* seek to protect, in large part, the same women whose constitutional and statutory protections are threatened by the Trump Administration's actions. The confluence of interested parties satisfies the requirements of Civ. L.R. 3-12(a)(1).

## III. Relating *ACLU* to *California* will conserve judicial resources and avoid inconsistent results.

These cases raise identical legal questions. Litigation before different judges will undoubtedly lead to unduly burdensome duplication of labor and expense by plaintiffs, defendants, and judges. Because Judge Armstrong has recused herself from the *California* case, both cases should proceed before Judge Gilliam. Relating these cases thus satisfies Civ. L.R. 3-12(a)(2).

//
//
//

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Eric D. Hargan is substituted for Don J. Wright as a defendant in his official capacity as Acting Secretary of the U.S. Department of Health and Human Services.

## CONCLUSION

For the reasons set forth above, we respectfully request that the Court relate the *ACLU* action and the *California* action.

Dated: November 1, 2017

SIMPSON THACHER & BARTLETT LLP

By *Alexis Coll-Very* /MPL

ALEXIS COLL-VERY (SBN 212735)

**SIMPSON THACHER & BARTLETT LLP**
2475 Hanover Street
Palo Alto, California 94304-1114
Telephone: (650) 251-5000
Facsimile: (650) 251-5002
Email: acoll-very@stblaw.com

*Pro Bono* Attorneys for ACLU Plaintiffs